IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VICKIE PARKS SHEPPARD,<br>Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:11-CV-449-Y |
| JOE KEFFER, Warden,<br>FMC-Carswell,<br>Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Vickie Parks Sheppard, Reg. 13986-021, is a federal prisoner incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is Warden of FMC-Carswell.

#### C. PROCEDURAL HISTORY

Petitioner is serving a 60-month term of imprisonment for her convictions in the Southern District of Georgia for conspiracy to commit fraud and related activity in connection with access

device, and production, transfer, and possession of document-making implements and authentication features and aggravated identity theft. (Resp't App. at 1, 15) Petitioner's projected release date with good time credit is June 16, 2013. (*Id.* at 22) Petitioner asserts that she suffers from life threatening medical conditions and seeks immediate placement in a less restrictive environment, home confinement, and/or a reduction of her sentence. (Pet.; Pet. Attach. & Ex. A)[1]

### D. Discussion

Petitioner asserts that the Sentencing Guidelines mandate the Bureau of Prisons (the Bureau) place an inmate in the "least restrictive environment," in her case home confinement, and that "Policy Statement 1B1.13(A)(I) and (ii)," gives the Bureau authority to reduce an inmate's sentence *via* motion by the Director for extraordinary and compelling reasons, which include an inmate's terminal illness. (Pet., Attach.) However, petitioner cites no authority for these assertions, and none is found. To the contrary, prisoners do not have a constitutional right to be incarcerated in a particular institution or a less restrictive environment, much less any right to serve out their sentence in home detention. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

Alternately, petitioner asserts she is eligible for transfer to home confinement under 18 U.S.C. 3621(b).[2] Section 3624(c) authorizes the Bureau to place an inmate in home confinement up to twelve months of the final months of an inmate's term of imprisonment, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in § 3621(b).

---

[1] Neither the petition nor the attachment thereto is paginated.

[2] Although petitioner claims to be suffering from a terminal illness, end stage liver disease, among other serious aliments, and can no longer provide self-care, she asserts she is not seeking a reduction of her sentence under § 3582(c)(1)(A)(I) (compassionate release), for which she has been denied. (Pet., Attach.; Resp't App. at 30)

18 U.S.C. § 3624(c). The criteria includes: the resources of the facility; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence; and any pertinent policy statement issued by the Sentencing Commission. *Id.* § 3621(b)(1)-(5). Petitioner has not demonstrated that she has been reviewed for and denied pre-release placement and, if so, that she has pursued prison administrative remedies through completion.

Article III of the Constitution confines federal courts to the decision of "cases" and "controversies." A case or controversy must be ripe for decision, meaning that it must not be premature or speculative. Ripeness is a constitutional prerequisite to the exercise of jurisdiction. *Shields v. Norton,* 289 F.3d 832, 834-35 (5th Cir. 2002). At this juncture, it is mere speculation whether petitioner will, in fact, be denied placement in home confinement for some period up to twelve months before her projected release date.

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 4, 2011. In order to be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 4, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October ____14____, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE